IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CHARLES LOWE,** | : |
| | : |
| Plaintiff, | : Civil Action Number: |
| | : |
| vs. | : **Jury Trial Demanded** |
| | : |
| **EOS REAL ESTATE MANAGEMENT GROUP, LLC,** | : |
| | : |
| Defendant. | : |

## COMPLAINT

Plaintiff, Charles Lowe by and through the undersigned counsel, brings this complaint against Defendant EOS Real Estate Management Group, LLC and pleads as follows:

### INTRODUCTION

1.

Plaintiff Charles Lowe brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.) (hereinafter "the FLSA") to (1) recover the overtime pay that was denied him and an additional amount as liquidated damages; and (2) for his costs of litigation, including his reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant EOS Real Estate Management Group, LLC is located in this judicial district; and all the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Plaintiff resides within Douglas County, Georgia.

5.

EOS Real Estate Management Group, LLC employed Plaintiff Charles Lowe as a Maintenance Technician in and around Atlanta, Georgia from April 7, 2010 through the current date.

6.

From on or about April 7, 2010 through the current date, Plaintiff Charles Lowe has been an "employee" of Defendant as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about April 7, 2010 through the current date, Plaintiff Charles Lowe has been "engaged in commerce" as defined in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

At all times relevant to this suit, Plaintiff was not exempt from the payment of an overtime premium pursuant to 29 USC § 213.

9.

EOS Real Estate Management Group, LLC is a corporation organized under the laws of the State of Georgia.

10.

At all times material hereto, Defendant EOS Real Estate Management Group, LLC. has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

From on or about April 7, 2010 through the current date, Defendant EOS Real Estate Management Group, LLC has been "engaged in commerce" as defined in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

12.

During the year 2010, Defendant Company EOS Real Estate Management Group, LLC had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

13.

During the year 2011, Defendant EOS Real Estate Management Group, LLC had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

14.

During the year 2010, Defendant EOS Real Estate Management Group, LLC had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During the year 2011, Defendant EOS Real Estate Management Group, LLC had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

At all time material hereto, Defendant EOS Real Estate Management Group, LLC has been an "enterprise engaged in commerce" as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

17.

Defendant EOS Real Estate Management Group, LLC is subject to the personal jurisdiction of this Court.

18.

Defendant EOS Real Estate Management Group, LLC may be served with process through its Registered Agent, David L. Rusnak at 245 Peachtree Center Avenue, #2800, Atlanta, Georgia 30303.

**COUNT I — FAILURE TO PAY OVERTME**

19.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

20.

At all times material hereto, Charles Lowe has been an employee of Defendant covered by the FLSA.

21.

At all times material hereto, Charles Lowe was entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

22.

At all times material hereto, Charles Lowe was not exempt from the payment of an overtime premium under the FLSA.

23.

During his employment with Defendant, Charles Lowe regularly worked in excess of forty (40) hours each week.

24.

The bulk of the hours worked in excess of forty (40) each week were incurred on weekends and after normal business hours.

25.

When Plaintiff asked Defendant about overtime pay, he was told that the Defendant did not pay overtime.

20.

At all times material hereto, Charles Lowe has been an employee of Defendant covered by the FLSA.

21.

At all times material hereto, Charles Lowe was entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

22.

At all times material hereto, Charles Lowe was not exempt from the payment of an overtime premium under the FLSA.

23.

During his employment with Defendant, Charles Lowe regularly worked in excess of forty (40) hours each week.

24.

The bulk of the hours worked in excess of forty (40) each week were incurred on weekends and after normal business hours.

25.

When Plaintiff asked Defendant about overtime pay, he was told that the Defendant did not pay overtime.

26.

When Plaintiff asked Defendant about overtime pay, he was told that the Defendant did not pay overtime because it had a "comp time" policy.

27.

Defendant had no legally cognizable "comp time" policy that would relieve it of is legal requirement to pay an overtime premium for those hours worked by Plaintiff above forty (forty) in a week.

28.

Defendant failed to pay Charles Lowe at one and one half times his regular rate for work in excess of forth (40) hours in any week from April 7, 2010 through the current date.

29.

Defendant willfully failed to pay Charles Lowe at one and one half times his regular rate for work in excess of forth (40) hours in any week from April 7, 2010 through the current date.

30.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

31.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

32.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendant in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded his costs of litigation, including his reasonable attorneys' fees from Defendant; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

                                    **DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC**

                                    */S/CHARLES R. BRIDGERS*

3100 CENTENNIAL TOWER           CHARLES R. BRIDGERS
101 MARIETTA STREET, N.W.         GA. BAR NO. 080791
ATLANTA, GEORGIA 30303
(404) 979-3171                           */S/ KEVIN D. FITZPATRICK, JR.*
(404) 979-3170 (f)                    KEVIN D. FITZPATRICK, JR.
kevin.fitzpatrick@dcbflegal.com     GA. BAR NO. 262375
charlesbridgers@dcbflegal.com

                                    COUNSEL FOR PLAINTIFF