# Exhibit "A"

Page 1 of 6

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is made and entered into by and between Charles Lowe ("Lowe") and Eos Real Estate Management Group, LLC (the "Company"), their respective officers, agents, employees, successors, insurers, and assigns with reference to the following facts:

      A.      Lowe, a current employee of the Company, asserted a claim against the Company through his undersigned counsel on or about September 29, 2011 in the United States District Court for the Northern District of Georgia, Civil Action No. 1:11-CV-03324-HTW (hereinafter referred to as the "Civil Action"), alleging that the Company has failed to pay him overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA");

      B.      The Company has denied that it in any way violated any duty or obligation owed to Lowe under any state or federal law.

      C.      Lowe and the Company, in order to avoid the risk, uncertainty, delay, and expense of time consuming litigation, each desire to settle fully and finally all differences between them, including, but not limited to, allegations which were or which could have been raised in the Civil Action.

      D.      For the Company, the decision to enter into this Agreement was motivated by business factors and is a business decision to resolve the matter rather than continue to incur the costs associated with defending the Civil Action.

THEREFORE, in consideration of the mutual promises set forth in this Agreement, the Parties (Lowe and the Company are here and hereinafter referred to collectively as the "Parties) agree as follows:

1. **The Company Agrees to Pay**

      (a)      In full consideration and as material inducement for Lowe's signing of this Agreement, providing his acknowledgments and warrant of the representations contained herein, and agreeing to the releases as provided for herein, the Company agrees to pay the following amounts:

      (i)      The Company will pay to Lowe the amount of Seven Thousand Five Hundred Dollars ($7,500.00), less applicable deductions based on the IRS Form W-4 and Georgia Department of Revenue Form G-4 that Lowe last submitted to the Company. The Parties agree that this amount shall pay and satisfy all overtime wages allegedly earned by and owed to Lowe by the Company. Accordingly, the Company will make said payment in the form of a check made payable to "Charles Lowe," and will report said payment as employment income pursuant to an IRS Form W-2.

Lowe's Initials: CL

            (ii)    The Company will pay to Lowe the amount of Seven Thousand Five Hundred Dollars ($7,500.00), which the parties agree shall satisfy all liquidated damages allegedly suffered by and owed to Lowe. Accordingly, the Company will make no deductions and/or withholdings from the foregoing amount, and will report this payment pursuant to an IRS Form 1099. The Company will make said payment in the form of a check made payable to "Charles Lowe." Lowe acknowledges and agrees that the Company has made no representations or rendered any opinions as to the characterization of the foregoing payment or the taxation or exemption from taxation of the settlement proceeds. Lowe further acknowledges and agrees that he shall be solely responsible for the payment of any taxes and/or penalties that may be subsequently assessed by any taxing authority based on this payment.

            (iii)    The Company will pay Twelve Thousand Five Hundred Dollars ($12,500.00) to Lowe's attorneys in this matter. The Company will make said payment in the form of a check made payable to "Kevin Fitzpatrick, Attorney" and will report this payment as income to Kevin Fitzpatrick, Attorney, pursuant to IRS Form 1099.

            (c)    The Company shall make the payments referenced herein by delivering the above-referenced checks to Lowe's attorney, Kevin Fitzpatrick, at the following address: 3100 Centennial Tower, 101 Marietta Street, N.W., Atlanta, Georgia 30303. Said checks will be delivered within five (5) days after the Court enters an order approving this Agreement.

    2.    **Lowe's Complete and Full General Release of All Claims**

In consideration for the settlement of this disputed Claim and for the benefits granted in Paragraph 1 above, Lowe, for himself, his heirs, successors and assigns, hereby, unconditionally and forever releases, acquits and discharges the Company, any affiliated company, and their respective successors and assigns, parent, or subsidiaries, and their past and present directors, officers, employees, insurers and representatives (collectively, the "Released Parties"), from any and all claims, damages, demands, liabilities, costs, attorneys' fees, and causes of action or damages of any kind, whether known or not, arising out of, but not limited to, Lowe's hiring, employment, or treatment by the Company. This Agreement applies to all claims and causes of action, including, but not limited to, claims arising under the FLSA; the Equal Pay Act of 1963; the Civil Rights Act of 1964, as amended in 1978 and 1991; the Age Discrimination in Employment Act, the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973, as amended; Section 1981 of the Civil Rights Act of 1866; Sections 1983 and 1985 of the Civil Rights Act of 1871; the Employee Retirement Income Security Act of 1972, as amended; the Consolidated Omnibus Budget Reconciliation Act of 1985; Executive Orders 11246 and 11478; and any other local, state or federal law, state or federal constitution, ordinance or regulation of whatever kind, including, without limitation, the laws of the state of Georgia, and any claims based on any theory of contract, oral or written, or tort, including negligence, or any common law or equitable basis of action, based on events occurring prior to the date on which this Agreement is executed by Lowe. This release does not purport to release or waive claims arising under these laws after the date of this Agreement or any claim for workers' compensation benefits.

Lowe's Initials: _CL_

      3.      **Older Workers Benefit Protection Act.** In compliance with the Older Workers Benefit Protection Act, Lowe acknowledges that: (a) he fully understands this Agreement, (b) this Agreement applies to any rights or claims Lowe has against the Company under the Age Discrimination in Employment Act of 1967, as amended, (c) this Agreement does not purport to waive rights any claims that may arise from acts or events occurring after the date that this Agreement is executed, (d) the consideration provided for in this Agreement is in addition to that to which Lowe is already entitled, (e) Lowe has been represented by counsel throughout the Civil Action, and during the negotiation of the settlement thereof, and has consulted with such counsel prior to signing this Agreement, (f) Lowe has waived the period of 21 days within which to consider whether to sign this Agreement, and (g) has further waived the right to revoke this Agreement for the 7-day period following his execution of this Agreement (the "Revocation Period"). Accordingly, this Agreement shall become effective and enforceable immediately upon its execution.

      3.      **Dismissal of Civil Action**.

Within ten (10) business days following the Court's approval of this Agreement and after all payments are made by Defendant, Lowe shall take such action as is necessary to dismiss the Civil Action with prejudice.

      4.      **Factual Representations**

In consideration for the benefits granted in Paragraph 1 above, Lowe hereby acknowledges and warrants that the following facts related to his employment with the Company are all true and correct:

      (a)      Lowe began working with the Company on April 7, 2010.

      (b)      Lowe suffered an injury that resulted in him going out on workers' compensation leave on July 20, 2011, and he has not returned to work since that date. Thus his Claim for unpaid overtime is limited to work he performed for the Company between April 7, 2010 and July 20, 2011 (the "Damages Period").

      (c)      Lowe was paid an hourly rate of $16.00 per hour during the Damages Period.

      (e)      The maximum amount of overtime pay allegedly owed to Lowe by the Company is no more than $7,500.00.

      (f)      Upon payment of the amount referenced in Section 1(a)(i) above, Lowe will have received all compensation, including overtime compensation, owed to him by the Company for work he performed during the Damages Period.

By signing this document, Lowe agrees under penalty of perjury that the foregoing facts are true and that, in the event he disputes such facts in the future, this Agreement may be used to rebut any such claims.

Lowe's Initials: _____

5. **No Other Filings**

As of the date of this Agreement, Lowe has a workers' compensation claim pending related to his employment with the Company. This Settlement and Release Agreement does not release or otherwise affect any claim for relief that is pending or may be brought in the worker's compensation clam. Other than this workers' compensation claim and the Civil Action, Lowe represents and warrants that he has no charges, complaints or other accusatory pleadings pending against the Released Parties based upon or arising out of any aspect of his employment relationship with the Company, nor has authorized anyone else to raise such claims on his behalf. Lowe further agrees that he waives the right to recover any monetary award, should the U.S. Department of Labor or any other entity file a suit, charge, claim or action against the Released Parties with respect to his employment with the Company based on events occurring prior to the date on which this Agreement is executed by Lowe.

6. **No Disparagement**

The Company and Lowe each agree to refrain from publicly or privately making any disparaging or defamatory remarks or complaints about one another and their respective officers, directors, employees, agents, or representatives. Nothing in this Section 7 shall limit or preclude Lowe from testifying truthfully about the Company as required by law and in accordance with the provisions of Section 10 below.

8. **Non-Admission of Liability**

It is understood and agreed that this Agreement has been reached purely on a compromise basis and is not to be construed as an admission by the Company of any violation of any federal, state or local law, ordinance, or administrative regulation, or any action in contract or tort which Lowe alleges or could have alleged in the Claim or in a lawsuit.

9. **Costs and Attorneys' Fees**

The Parties represent that, to the extent either was represented by counsel in this matter, each has made their own separate arrangements for the satisfaction of their respective costs and attorneys' fees. Lowe expressly releases the Released Parties from any claim whatsoever for such fees and costs apart from the payment referenced in Section 1 above.

11. **Complete Agreement**

It is understood and agreed that this Release and Settlement Agreement sets forth the entire agreement between the Company and Lowe.

12. **Cooperation in Drafting**

Lowe's Initials: \_\_\_\_

Settlement and Release Agreement
Page 5 of 6

The parties agree that they have cooperated on the drafting and preparation of this Agreement. No single party may be charged as the drafter of this Agreement.

13.     **Knowing and Voluntary Agreement**

LOWE ACKNOWLEDGES THAT HE HAS READ AND UNDERSTANDS THE ENTIRE AGREEMENT, HAS HAD A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT PRIOR TO ITS ACCEPTANCE, HAS BEEN INSTRUCTED TO AND HAS CONSULTED AN ATTORNEY AS TO ITS CONTENTS AND EFFECT, AND ENTERS THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.

14.     This Agreement is to be construed according to the laws of the State of Georgia, and of the United States of America. Venue for any litigation brought to enforce this Agreement shall lay exclusively in the United States District Court for the Northern District of Georgia.

15.     The waiver by either party of a breach of any provision of this Agreement by the other party shall not operate or be construed as a waiver of any subsequent breach of that or any other provision by said party. The Parties agree that this Agreement constitutes the entire Agreement between Lowe and the Company, and there exist no other agreements, oral or written, between them relating to any matters covered by this Agreement.

Lowe's Initials: CL

Settlement and Release Agreement
Page 6 of 6

16.  Should any provision of this Agreement be declared unlawful or invalid, all other provisions shall remain in full force and effect.

Executed this __24th__ day of April, 2012.

**CHARLES LOWE**

By: _/s/ Charles Lowe_
Charles Lowe
Social Security No. _____

By: _/s/ Chas R Bridgers_
~~Kevin D. Fitpatrick~~ *Charles R Bridgers*
Attorney for Charles Lowe

**EOS REAL ESTATE MANAGEMENT GROUP, LLC**

By: _____

3270049/1
6398-80971

Lowe's Initials: _____

16.     Should any provision of this Agreement be declared unlawful or invalid, all other provisions shall remain in full force and effect.

Executed this _____ day of April, 2012.

**CHARLES LOWE**                                                      **EOS REAL ESTATE MANAGEMENT GROUP, LLC**

By: _____                By: *Edward R. [signature], Sr.*
Charles Lowe
Social Security No. _____


By: _____
Kevin D. Fitpatrick
Attorney for Charles Lowe


3270049/1
6398-80971

Lowe's Initials: _____